THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. D. C. EVANS et al.

No. 8792.

PLEADING AND PRACTICE — *petition alleging bond in certain sum, finding it was altered from different sum defeats recovery.* In an action on a cost bond where the plaintiff alleges that the penalty of the bond as executed was $2,500 and asks a recovery of that sum, and it is shown on the trial and found by the jury that the bond, as originally executed, was in the penal sum of $1,500 only, no recovery can be had without an amendment of the pleadings, so as correctly to describe the instrument sued on as it was in fact executed. The fact that the alteration was by a stranger to the instrument, without the knowledge or consent of the plaintiff, does not relieve the plaintiff of the necessity of correctly describing in his petition the instrument on which he seeks a recovery.

*Error from Chase District Court.*

*Hon. Lucien Earle, Judge.*

AFFIRMED.        OPINION FILED OCTOBER 10, 1896.

*A. A. Hurd,* and *Stambaugh & Hurd,* for plaintiff in error.

*Madden Bros.,* for defendants in error.

ALLEN, J. The plaintiff in error brought suit in the District Court of Chase County to recover the sum of $2,500 on a cost bond alleged to have been signed by the defendants in error. The defendants denied the execution of the bond set up in the plaintiff's petition.

At the trial the principal contention was whether the bond executed by the defendants was for $1,500 or for $2,500. The amount was stated in the instrument in figures only, and the first figure appears to have been changed, but by whom and at what time is not shown. The jury found, in answer to special questions submitted to them, that the bond, as originally written and signed, was for the sum of $1,500, and that they did not know who altered it. A general verdict in favor of the defendants was also returned, and judgment entered accordingly.

The plaintiff in error complains of the instructions of the Court, and insists that it was entitled to recover on the bond as the jury found it to have been when executed. It is said that, in the absence of any showing that the instrument was altered by the plaintiff, or any of its agents, and especially in view of the fact that the instrument was kept in the custody of a public officer, no presumption arises that the alteration was made by its direction ; and that a recovery may be had upon a spoliated instrument where the party is innocent of any wrong doing.

Conceding, for the purpose of this case, the correctness of the legal propositions advanced in behalf of the plaintiff in error in reference to spoliated instruments, an insurmountable difficulty still obstructs the plaintiff's case. The petition sets up a $2,500 bond, on which the plaintiff seeks to recover. No application was made at any time for leave to amend and recover on a $1,500 bond. The jurisdiction of this Court to review the case depends on the plaintiff's claim of a right to recover more than $2,000. The penalty of the bond set up in the petition, and on which the plaintiff relied throughout all stages of the

trial, was $2,500. This Court cannot treat the petition as having been amended so as to set up another and different instrument for the purpose of overturning the judgment rendered by the District Court. In the absence of any amendment of the pleadings, the answer of the jury to the first special question submitted to them precluded a recovery; and it was unimportant whether or not the other questions were answered.

The judgment is affirmed.

All the Justices concurring.